# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE RRISD-MC DOE,** | § | |
| **Individually and On Behalf of All** | § | |
| **Other Similarly Situated Plaintiffs** | § | |
| *Plaintiffs*, | § | |
| **v.** | § | **C.A. No. _____** |
| **ROUND ROCK INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **JANE RRISD-MC DOE,** on behalf of herself and

all others similarly situated, being the "Class Members" to file this, her "Plaintiff's

Original Complaint" and in support thereof states as follows:

### PREAMBLE

### FOUR-YEAR OLD FORGOTTEN AND LOCKED OUT OF SCHOOL

*At all times relevant, Plaintiff was a four year old girl attending Pre-K within the Defendant Round Rock Independent School District. While under the supervision of Defendant RRISD, Plaintiff was taken outside the school for recess. Upon the return to the classroom, Defendant RRISD literally forgot about Plaintiff, and locked Plaintiff outside of the school building in a public area, completely alone, placing her young life completely at risk. Although subsequently discovered and let back into school, RRISD made no effort to tell Plaintiff's parents or the other parents of Plaintiff's school. This matter is brought in the United States Federal Court system because of the federal laws violated, but also because the Texas Commissioner of Education does not believe that providing "safe schools" is a legal requirement of the State of Texas.*

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    1
tpg 2018.10.24

## A.   NATURE OF SUIT

1.     At all times relevant, Plaintiff Jane was a four-year old attending Defendant RRISD (defined hereafter). While under the incompetent supervision of Defendant RRISD, Plaintiff Jane was locked outside of her school building for an undetermined amount of time, unattended, in a public area available to anyone who might wish to do harm to Plaintiff Jane.

2.     Plaintiff Jane now files this action for relief pursuant to 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) and under 42 U.S.C. § 1983 with regard to the violation of the laws of the United States.

## B.   PARTIES

3.     Plaintiff **JANE RRISD-MC DOE** ("Jane") is an individual residing in Williamson County, Texas. Jane is a minor, and this matter is being asserted by her parents as her *Next Friend*. Because of the privacy issues involved in this matter, Jane is hereby exercising her rights to proceed with this matter anonymously.

4.     The need to protect the identity of Jane (being a minor) shall not hinder the defense of this matter, for the facts are well known to the Defendant RRISD. When applying the balancing tests to determine the needed protection of the minor *vs.* the small inconvenience to the Defendant, the protection of the minor prevails.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

2

Further, with the importance of keeping the identity of Jane protected, it is impossible (at this time) to disclose the name of the parents of Jane.

5.     At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jane, Jane's identity (and the identity of Jane's parents) shall be disclosed.

6.     Defendant **ROUND ROCK INDEPENDENT SCHOOL DISTRICT** ("RRISD") is a school district formed under the laws of the State of Texas and operates numerous schools in Williamson County and Travis County, Texas. Defendant RRISD may be served with summons by serving its superintendent as follows:

**Steve Flores, Ph.D.**
**Superintendent of Schools, Round Rock ISD**
**1311 Round Rock Avenue**
**Round Rock, Texas**

## C.  JURISDICTION and VENUE

7.     The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX") and Section 1983 of Title 42 of U.S.C. ("Section 1983").

8.     Venue is proper in the Western District of Texas (Austin Division) because Defendant RRISD operates its schools in Williamson County and Travis County, Texas. which is within the Western District of Texas in the Federal District Courts.

### D.     FACTUAL ALLEGATIONS

#### *A time of innocence*

9.     Prior to September 11, 2017, Plaintiff Jane was one of various students attending a Prekindergarten ("Class") at Old Town Elementary ("School"), being a public school owned and operated by Defendant RRISD.

10.     At the time, Plaintiff Jane was four years old.

11.     Plaintiff Jane is a bright little girl, unconditionally loved by her parents.

12.     Just as the other members of her Class Members, Plaintiff Jane's school days were filled with the excitement and adventure of learning; experiencing an age of innocence where everything is new.

13.     Like many other four-year olds in a prekindergarten class at a public school in the State of Texas, Plaintiff Jane's introduction to the world around her was untarnished.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

14.   On September 11, 2017, however, Plaintiff Jane's life was changed forever.

15.   Like many other parents of four-year olds in a prekindergarten class at a public school in the State of Texas, the parents of Plaintiff Jane entrusted the safety and wellbeing of their child, Plaintiff Jane (a most precious gift) to Defendant RRISD, believing that the greatest concern of Defendant RRISD's was the safety and education of Plaintiff Jane.

16.   On that September day, however, the parents of Plaintiff Jane learned that Plaintiff Jane's life had been put at risk, while under the direct supervision of Defendant RRISD.

### *Forgotten and Locked Out*

17.   On September 11, 2017, Plaintiff Jane, along with other Class Members, had left the school building to attend recess. The recess area at Plaintiff Jane's school is in an open area, accessible to any potential child predator.

18.   Upon returning from recess, Plaintiff Jane was forgotten by her teacher and locked out of the school building, completely alone.

19.   Plaintiff Jane was locked outside for an undetermined amount of time.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          5

20.    After knocking and crying outside of the school, someone with Defendant RRISD opened the door from the inside to see what was happening. What Defendant RRISD found was Plaintiff Jane, terrified and in tears (hereafter, the foregoing incident shall be referred to as "Forgotten and Locked Out").

21.    Every parent of a four year old girl entrusted to the care of a public school in the State of Texas would, of course, hope and expect that their precious child would never be Forgotten and Locked Out of school. Plaintiff Jane's parents are no different.

22.    Every such parent would also expect that after such an incident, the school would immediately notify the parents. However Defendant RRISD saw no need to notify Plaintiff Jane's parents.

23.    Later that day, as Plaintiff Jane's father (hereafter, "Dad") (along with Jane's grandfather) came to pick up Plaintiff Jane from school, Dad immediately noticed the fragile and fearful condition of his daughter, Plaintiff Jane.

24.    In tears, Plaintiff Jane explained to her father that she had gone outside with her classmates, but then was forgotten and locked outside when her class returned to the building.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

25.    As any concerned father, Dad then confronted the school administration to inquire from Plaintiff Jane's teacher ("Jane's Teacher"), as to what happened.

26.    Rather than provide an honest explanation of the day's events, Plaintiff Jane's Teacher was evasive with Dad, unsure of what actually occurred, and telling Dad various versions of what might have actually occurred.

27.     In fact, Plaintiff Jane's Teacher even threw responsibility on four year old Plaintiff Jane, stating that "she [Jane] need[ed] to learn to follow directions and stay in line."

28.    Plaintiff Jane's Teacher, did, however acknowledge that Plaintiff Jane was very emotional and afraid at being Forgotten and Locked Out.

29.    To the utter shock and amazement of Dad, Plaintiff Jane's Teacher not only failed in her responsibility to inform Jane's parents of the incident, but did not even know for sure how long Jane was locked outside unattended.

30.    Later that same day, Plaintiff Jane's mother ("Mom") returned to the school to speak with the Principal at approximately 3:00 pm.

31.    Upon arrival, Mom discovered Plaintiff Jane's Teacher sitting outside of the principal's office.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                      7

tpg 2018.10.24

32.     When Mom asked why she, and Dad, had not been informed of Plaintiff Jane being Forgotten and Locked Out, the school principal responded that she did not even become aware of Plaintiff Jane having been Forgotten and Locked out until after the school day ended; and that no one really knew how long Plaintiff Jane had been locked out and alone.

33.     To the further horror of Mom, Mom was advised that it was actually the school's librarian who heard Plaintiff Jane banging and crying on the outside of a locked door.

34.     Plaintiff Jane's teacher had apparently merely returned to the classroom with the other students, totally unaware the Plaintiff Jane was not with them.

### The Missing Footage

35.      Mom then asked the principal (an employee and agent of Defendant RRISD), for a copy of the security camera footage from an outside security camera with coverage of the open area ("Video"). Mom was advised that the Video would have to be obtained.

36.     The next day, September 12, 2017, at approximately 4:00 pm, Mom and Dad met the principal and school security to view the Video.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

37.   Just as Plaintiff Jane had described, the footage shows:

(a)   Jane stopped to remove a rock from her shoe as her class was headed inside the building with her class (*See*, Exhibit A attached hereto and incorporated herein for all purposes); and

(b)   Jane was left outside, unattended. *Id.*

38.   Then, in what can only be described as a scene out of a conspiracy movie, when the image continues—Plaintiff Jane is no longer in the Video footage. There is no footage of Plaintiff Jane getting up or leaving the Video scene, according to the Video, Plaintiff Jane had just disappeared. (*See*, Exhibit B attached hereto and incorporated herein for all purposes.)

### *The Cover Up*

39.   What then began was a year's effort by Mom and Dad: (a)  to find out what truly happened, and (b) to have Defendant RRISD publically notify all the parents of Plaintiff Jane's School of what had occurred, so that other parents would be aware that Defendant RRISD did not place the safety of their young students above all other priorities.  All such efforts failed.

40.    When reviewing the entirety of the foregoing actions of Defendant RRISD, it is clear that the only driving force behind Defendant RRISD's acts and omissions, leading up to, and after, Plaintiff Jane being Forgotten and Locked out was; to work in concert and conspire to keep the incident quiet, to cover the incident up, and to hope that Plaintiff Jane's parents would merely go away.

### *School safety not a law of the State of Texas*

41.    When the parents of Plaintiff Jane entrusted their daughter into the care of Defendant RRISD, Mom and Dad were of the belief that Defendant RRISD was obligated by the laws of the State of Texas to ensure a "safe" school environment.

42.    Section 4.001 of the Texas Education Code ("TEC") appears to support the belief that the laws of the State of Texas obligate the public schools within the State of Texas to ensure a "safe" school environment, by setting forth the overall mission and objections of the public education system in Texas as follows:

> **The mission of the public education system of this state is to ensure that all Texas children have access to a quality education that enables them to achieve their potential and fully participate now and in the future in the social, economic, and educational opportunities of our state and nation.  That mission is grounded on the conviction that a general diffusion of knowledge is essential for the welfare of**

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

**this state and for the preservation of the liberties and rights of citizens.  It is further grounded on the conviction that a successful public education system is directly related to a strong, dedicated, and supportive family and that parental involvement in the school is essential for the maximum educational achievement of a child.**[1]

43.    A key element of the foregoing mission is found at Objective 8, which sets forth the overall standard of safety in the public schools of Texas:

**OBJECTIVE 8:  School campuses will maintain a safe and disciplined environment conducive to student learning.**[2]

44.    However, Defendant RRISD continued to assert that the mandates for school safety in Section 4.001 and Objective 8 are not "school laws of the State of Texas"

45.    In counterintuitive rulings issued by the Texas Commissioner of Education,  the Texas Commissioner of Education has agreed that Section 4.001 and Objective 8 are not "school laws of the State of Texas."

46.    Rather, the Commissioner has ruled that Objective 8 is not a requirement, but rather more akin to a vision statement.

---

[1] TEC Section 4.001(a).
[2] TEC Section 4.001(b) OBJECTIVE 8.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                              11

### *Harm suffered by Plaintiff Jane*

47.    For the purposes hereof, the foregoing described actions of the Defendant RRISD shall be collectively referred to as the "Utter Failures, Lies and Conspiracy."

58.    As a direct result of the Defendant RRISD's Utter Failures, Lies, and Conspiracy, Plaintiff Jane's mental health has deteriorated and is likely to continue to deteriorate.

59.    Plaintiff Jane has also suffered severe physical, emotional, and economic harm as a result of Defendant RRISD's Utter Failures, Lies, and Conspiracy, and, shall suffer future physical, emotional, and economic harm, including actual and consequential damages.

50.    Defendant RRISD's Utter Failures, Lies, and Conspiracy as to Plaintiff Jane were committed intentionally and in bad faith, or with reckless disregard for the outcome.

### *Defendant RRISD's Action Under the Color of State Law*

51.    Each of the Defendant RRISD's agents (at various school levels) were implementing the policies of Defendant RRISD when committing the Utter Failures, Lies, and Conspiracy.

**PLAINTIFF'S ORIGINAL COMPLAINT**

12

52.     Further, if such policies are not, in fact written, each of the Defendant RRISD's agents were implementing the policies of Defendant RRISD in accord with the customs and practices of Defendant RRISD.

53. The entirety of the Utter Failures, Lies, and Conspiracy was also formally ratified and affirmed by the Board of Trustees of Defendant RRISD .

### Futility of Administrative Remedies

54.     Plaintiff Jane (through the actions of Mom and Dad) attempted to pursue various administrative remedies ("Remedies") with regard to the Utter Failures, Lies, and Conspiracy.

55.     However, no such Remedies are required by Title IX or Section 1983, as other rulings of the Texas Commissioner of Education have repeatedly found that the Commissioner of the Texas Education Agency has absolutely no jurisdiction, power, rights, or duties to redress complaints and remedies under Title IX or Section 1983.

56.     As a result, any asserted obligations of Plaintiff Jane to pursue any further such Remedies prior to the institution of this matter are inapplicable and futile.

## *Collective Action Allegations*

57.     Considering the actions of the Defendant RRISD and the referenced ruling of the Texas Commissioner of Education with regard to "school safety" not being a school law of the State of Texas, it is likely that there are other students of the Defendant RRISD who have suffered, and are still suffering, as a result of similar actions of the Defendant. As such, Plaintiff Jane is representative of the Class of Members.

58.     Pursuit of this lawsuit on behalf of Plaintiff Jane and the Class Members is appropriate under Rule 23(a) of the Federal Rules of Civil Procedure because:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

59.  Further, pursuit of this matter as a class action for the Class of Members is appropriate under Rule 23(b) of the Federal Rules of Civil Procedure because:

(1)     prosecuting separate actions by or against individual class members would create a risk of:

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

> (A)   inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or…
>
> (2)   the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3)   the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

60.    As a result of Defendant RRISD's Utter Failures, Lies, and Conspiracy directed at Plaintiff Jane, Jane was forced to engage an attorney and pursue this action to redress such wrongs.

61.    All conditions precedent to Plaintiff Jane bringing these claims have been met.

## E.  <u>PLAINTIFF'S CAUSES OF ACTION</u>

62.    Plaintiff Jane incorporates by reference the facts set forth in foregoing ARTICLE D: GENERAL BACKGROUND hereof.

## **COUNT ONE: TITLE IX VIOLATIONS**

63.     Defendant RRISD's Utter Failures, Lies, and Conspiracy are so severe, pervasive, and objectively offensive that Plaintiff Jane has been deprived access to educational opportunities and benefits provided by Defendant RRISD in violation of Title IX.

64.     Defendant RRISD failed to protect Plaintiff Jane from the Forgotten and Locked Out in violation of Title IX.

65.     Defendant RRISD's Utter Failures, Lies, and Conspiracy committed in Defendant RRISD's effort to Cover-Up the Forgotten and Locked Out is a violation of Title IX.

66.     Defendant RRISD's failure to offer Plaintiff Jane meaningful procedures to address the Utter Failures, Lies, and Conspiracy is a violation of Title IX.

67.     Defendant RRISD's policies and practices constitute disparate treatment of females (including Plaintiff Jane) and has had a disparate impact on female students (including Plaintiff Jane), in violation of Title IX.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

68.     Plaintiff Jane has suffered emotional distress and psychological damage, as a result of the violations of Title IX set forth herein and committed by Defendant RRISD.

69.     Defendant RRISD's illegal conduct toward Plaintiff Jane, in violation of Title IX, has caused Plaintiff Jane to suffer a loss of educational opportunities, benefits, prestige, and economic hardship.

70.     Defendant RRISD's illegal conduct toward Plaintiff Jane, in violation of Title IX, has caused Plaintiff Jane to suffer mental and emotional distress, entitling her to compensatory damages (actual and consequential) pursuant to Title IX.

## **COUNT TWO: SECTION 1983**

71.     Section 1983 of Title 42 of the United States Code provides, in part:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

**PLAINTIFF'S ORIGINAL COMPLAINT**                                     17

72.   Defendant RRISD's Utter Failures, Lies, and Conspiracy were committed under the color of law and resulted in the violation of Plaintiff Janes' rights under the United States Constitution and other federal laws.

73.   Plaintiff Jane has suffered emotional distress and psychological damage, as a result of the Section 1983 violations set forth herein and committed by Defendant RRISD.

74.   Defendant RRISD's illegal conduct toward Plaintiff Jane, in violation of Section 1983, has caused Plaintiff Jane to suffer a loss of educational opportunities, benefits, prestige, and economic hardship.

75.   Defendant RRISD's illegal conduct toward Plaintiff Jane, in violation of Section 1983, has caused Plaintiff Jane to suffer mental and emotional distress, entitling her to compensatory damages pursuant to Section 1983.

76.   Plaintiff Jane has been severely damaged (economically, physically, and emotionally) as a direct result of such Section 1983 violations, and Plaintiff Jane hereby asserts a claim for damages (actual and consequential) and other relief as provided for under 42 USC § 1983.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

## COUNT THREE: EXEMPLARY DAMAGES

77.    Defendant RRISD's Title IX violations described herein toward Plaintiff Jane were pursued with malice or reckless indifference to Plaintiff Jane's Federally protected rights, thereby entitling Jane to punitive damages pursuant to Title IX

78.    Defendant RRISD's Section 1983 violations described herein toward Plaintiff Jane were pursued with malice or reckless indifference to the Plaintiff Jane's Federally protected rights, thereby entitling Jane to punitive damages pursuant to Section 1983, for which Plaintiff Jane now seeks in an amount of $5,000,000.00

## COUNT FOUR: POST JUDGMENT INTEREST

89.    Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## COUNT FIVE: ATTORNEYS' FEES

80.    Plaintiff Jane should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.    REQUEST FOR JURY TRIAL

81.    Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff JANE RRISD-MC DOE prays the necessary summons be issued, that the Class of Members be certified by the Court, that upon final trial hereof, that upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendant RRISD; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which she may show herself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.24

Respectfully submitted,

GORMAN LAW FIRM, pllc

By:_____
　　　Chigozie F. Odediran, Esq.
　　　Texas Bar No. 24098196
　　　codediran@school-law.co
　　　901 Mopac Expressway South, Suite 300
　　　Austin, Texas 78746
　　　Telephone: (512) 320-9177
　　　Telecopier: (512) 597-1455
　　　**COUNSEL FOR PLAINTIFF**
　　　**JANE RRISD-MC DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**                    21