UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE RRISD-MC DOE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED PLAINTIFFS | § § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. 1:18-CV-00922-LY |
| VS. | § § | |
| ROUND ROCK INDEPENDENT SCHOOL DISTRICT, DEFENDANT. | § § § § | |

### DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Round Rock Independent School District ("RRISD" or "the District"), files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in the above-referenced matter, and would respectfully show unto the Court as follows:

### I. Background

Plaintiff's suit alleges that on September 11, 2017, Pre-K student "Jane RRISD McDoe" ("Plaintiff"), "upon returning from recess . . . was forgotten by her teacher and locked out of the school building" at Round Rock ISD's Old Town Elementary School and left unattended for an "undetermined amount of time." *See* Plaintiff's Original Complaint ¶¶ 17-20. Plaintiff's suit against Round Rock ISD seeks $5 million in damages (to include punitive damages) along with attorneys' fees, costs, and post judgment interest. *See* Plaintiff's Original Complaint ¶¶ 78-80.

1

Plaintiff's suit alleges two causes of action: 1) a claim under Title IX of the Education Amendments of 1972, as amended 20 U.S.C. Ch. 38 §1681 *et seq*. ("Title IX") alleging that "Jane has been deprived access to educational opportunities and benefits provided by Defendant RRISD" and that RRISD's "policies and practices constitute a disparate impact on female students." *See* Plaintiff's Original Complaint ¶¶ 63-67; and, 2) a claim under and Section 1983 of Title 42 of the United States Code ("Section 1983") alleging that Jane sustained a "loss of educational opportunities, benefits, prestige and economic hardship." *See* Plaintiff's Original Complaint ¶¶ 71-76. Plaintiff claims "actual and consequential" damages for Jane's "economic, physical, and emotional" harm. *See* Plaintiff's Original Complaint p. 12, ¶ 59.

Prior to filing this suit Jane's father[1] filed a Level One Grievance with Round Rock ISD per the District's FNG (LOCAL) Board Policy for Student and Parent Complaints regarding the September 11, 2017 incident. After a Level One hearing, the RRISD Administration denied the grievance. Subsequently, Jane filed a Level Two Appeal with the District. After hearing the Level Two Appeal, Round Rock ISD Administration affirmed the District's Level One Decision. Jane then filed a Level Three Appeal, which was initially dismissed by Round Rock ISD Administration for being filed untimely per Round Rock ISD Board Policy. Nonetheless, Round Rock ISD's Board of Trustees heard the Level Three Appeal on March 22, 2018 but reserved its right to dismiss the Level Three Appeal as being untimely filed. After the Level Three Appeal hearing, the Board voted to uphold the Administration's Level Three dismissal because the Level Three Appeal was not timely filed.

After receiving the Board's Level Three Decision, Jane appealed to the Texas Commissioner of Education by way of Petition for Review. The Commissioner of Education

---

[1] Jane's complaint to the District was brought on her behalf by her father who was, at all times, represented by Plaintiff's counsel who filed this suit on Jane's behalf.

upheld Round Rock ISD's decision, in part, because Jane failed to timely file a Level Three Appeal and therefore, failed to exhaust her administrative remedies with the District as required by the Texas Education Code and Texas case law.  *See Clint Indep. Sch. Dist. v. Marquez*, 478 S.W.3d 538 (Tex. 2016).

Plaintiff then filed this suit against the District alleging violations of Title IX and Section 1983 as summarized herein.

## II.  FRCP 12(b)(6) Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may properly dismiss a complaint for failure to state a claim upon which relief may be granted if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  To survive a motion to dismiss, a plaintiff's complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the defendant may be liable. *Iqbal*, 556 U.S. at 678.

"A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 668.  If the allegations are merely "conclusory," they are "not entitled to be assumed true."  *Id*.  Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id*.

Here, Plaintiff makes general allegations under Title IX and Section 1983, but Plaintiff has failed to assert facts that support the required elements of either cause of action. In this instance, at most, Plaintiff's suit has described a District employee's negligence. Therefore, Plaintiff's suit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Plaintiff Cannot State a Valid Title IX Claim

Plaintiff's first cause of action is a claim for damages under Title IX. Plaintiff's Title IX cause of action must fail because Plaintiff does not allege facts that support a valid Title IX claim. Specifically, Plaintiff asserts no facts that identify a policy of Round Rock ISD that supports a claim of any intentional discrimination against Plaintiff. Consequently, Plaintiff's Title IX claim should be dismissed.

Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in all federally-funded educational programs. 20 U.S.C. § 1681(a). Specifically, it provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

An individual may seek damages under Title IX through two general avenues—one for claims based on an official policy of discrimination, and another for claims based on an institution's actual notice of and deliberate indifference to sexual harassment or assault. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524, U.S. 274, 290 (1998), *Davis v. Monroe Cty. Bd. Educ.*, 526 U.S. 629, 639 (1999) (citing *Cannon v. Univ. Chic.*, 441 U.S. 677, 704 (1979) and *Franklin v. Gwinnett Cty. Public Schs.*, 503 U.S. 60 (1992)); *see also Doe v. Baylor Univ.*, 336 F. Supp. 3d 763, 774 (W.D. Tex. 2018). Plaintiff does not allege sexual harassment or assault. Plaintiff's allegations of a Title IX violation rely on unspecified and undefined policies, practices, and customs of Round Rock ISD. *See* Plaintiff's Original Complaint ¶¶ 17-20.

4

To sustain a Title IX claim based on policy, a plaintiff must prove intentional discrimination.[2]  *See, e.g., Baylor Univ.*, 336 F. Supp at 774 (citing *Franklin*, 503 U.S. at 75); *Manley v. Tex. Southern Univ.*, 107 F. Supp. 3d 712, 726 (S.D. Tex. 2015).  Discriminatory intent requires a plaintiff to meet a higher burden of proof than disparate impact. *Fort v. Dallas Indep. Sch. Dist.*, 1996 U.S.App. Lexis 44677 at *8 & n.3 (5th Cir. Mar. 11, 1996) (unpublished); *Manley*, 107 F. Supp. 3d at 726.

Initially, Plaintiff's claim must fail because Plaintiff does not identify a single policy of Round Rock ISD to support a Title IX claim.  Instead, Plaintiff's Original Complaint substitutes portions of the Texas Education Code and its accompanying objectives as the policy of Round Rock ISD[3].  *See* Plaintiff's Original Complaint ¶¶ 41-46.  Plaintiff then makes a conclusory allegation that "[e]ach of Defendant RRISD's agents . . . were implementing the policies of Defendant RRISD" against Plaintiff.  *See* Plaintiff's Original Complaint ¶ 51.  And, in the alternative, Plaintiff concludes that "if such policies are not, in fact written, each of the Defendant RRISD's agents were implementing the policies of Defendant RRISD in accord with the customs and practices of Defendant RRISD."  *See* Plaintiff's Original Complaint ¶ 52.  Still, such "policies" are not identified and such "customs and practices" are not detailed, and Plaintiff does not offer any facts evidencing intent.  And, although Plaintiff alleges, "disparate treatment" (*see* Plaintiff's Original Complaint ¶ 67), Plaintiff alleges no facts to support such a conclusion.

---

2 The Fifth Circuit has not squarely considered a disparate impact claim under Title IX, but the Circuit courts have applied the United States Supreme Court's rationale in *Alexander v. Sandoval*, 532 U.S. 275 (2001) (analyzing disparate impact cases under Title VI in Title IX cases to come to the same conclusion).  In *Fort v. Dallas Ind. Sch. Dist.,* the Fifth Circuit held that "to establish a claim under Title IX, the plaintiff must establish that an educational institution receiving federal assistance intentionally discriminated on the basis of the plaintiff's sex." *Fort*, 1996 Lexis at *8 & n.3 (*citing Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)); *see also Manley*, 107 F. Supp. 3d at 726.

3 Texas law provides that a school district's school board of trustees is the *only* policy maker for a public school district like Round Rock ISD.  *See* TEX. EDUC. CODE § 11.151(b); *Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241, 1245 (5th Cir. 1993).

Even if Plaintiff identified a Round Rock ISD policy upon which to base a Title IX claim, Plaintiff's Original Complaint does not include any specific facts that, if proven, would support an inference that Round Rock ISD's policy's or actions form discriminatory intent. Consequently, Plaintiff's Title IX cause of action should be dismissed. *See Manley*, 107 F. Supp. 3d at 726-27 (granting a 12(b)(6) motion to dismiss a Title IX claim because plaintiff's complaint did not allege any specific facts that, if proven, would support an inference of discriminatory intent); *Easley v. Univ. of Texas at Arlington*, 984 F. Supp. 2d 631, 636 (N.D. Tex. 2013) (dismissing a male MBA student's Title IX claim based on allegations that he received low grades in part due to his sex because "[t]he complaint allege[d] nothing as would show that [the] defendant intentionally treated plaintiff differently than any female student under the same circumstances"); *Clyburn v. Shields*, 33 F. App'x 552, 555-56 (2d Cir. 2002) (rejecting the "plaintiffs' [Sec. 1983] allegations that their [law school] applications were rejected because of their age and gender" as "wholly conclusory" because they did "not allege any factual basis").

Far from alleging any specific fact that, if proven, would support a conclusion that Round Rock ISD's policies or actions form discriminatory intent, Plaintiff's allegations sound in tort based on the theory of *respondeat superior*. Plaintiff alleges that "while in the *incompetent supervision*" of Round Rock ISD, Plaintiff was left unattended. *See* Plaintiff's Original Complaint ¶ 1 (emphasis added). And, in paragraph 18, Plaintiff alleges Plaintiff was "forgotten *by her teacher* and locked out of the school building." (Emphasis added). Plaintiff cannot rely on these allegations as a basis of recovery under Title IX. The United States Supreme Court in *Gebser* closed the door on *respondeat superior* as a theory of recovery under Title IX holding that, "it would 'frustrate the purposes' of Title IX to permit a damages recovery against a school district for a teacher's. . . [actions] . . . on principles of *respondeat superior*." *Gebser*, 524 U.S.

at 285.  The Fifth Circuit and federal district courts have held likewise.  *See, e.g., A.W. v. Humble Indep. Sch. Dist.,* 25 F.Supp.3d 973, 983-84 (S.D. Tex. 2014) *aff'd by King-White v. Humble Indep. Sch. Dist.,* 803 F.3d 754 (5th Cir. 2015).  Accordingly, Plaintiff's claims under Title IX should be dismissed.

### IV.  Plaintiff Cannot State A Valid Section 1983 Claim

Plaintiff's asserts a second claim under Section 1983.  Plaintiff's Section 1983 claim, however, must fail because Plaintiff does not allege facts that support a Section 1983 claim.  Governmental liability for a constitutional violation under Section 1983 "requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).  Here, Plaintiff asserts no facts to identify a Round Rock ISD final policymaker; a disputed official Round Rock ISD policy; or a violation of constitutional rights caused by a Round Rock ISD policy.  Therefore, Plaintiff's Section 1983 claim should be dismissed.

To establish a viable Section 1983 claim, a plaintiff must properly identify the defendant's policymaker and the policymaker must have final policymaking authority.  *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988); *Rivera,* 349 F.3d at 247.  Governmental liability cannot be sustained under a theory of *respondeat superior*.  *See Bd. Of Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403 (1997).  "The unconstitutional conduct must be directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated unconstitutional actions by [government] employees will almost never trigger liability."  *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).  Therefore, to sustain liability under Section 1983, Plaintiff must complain of actions beyond the alleged tortious actions of a Round

Rock ISD substitute teacher; instead, Plaintiff must identify a policymaker with final policymaking authority and Round Rock ISD policy that is the "moving force" behind the alleged Section 1983 violation. *Id.*

Texas law unequivocally delegates to the Round Rock ISD's Board of Trustees "the exclusive power and duty to govern and oversee the management of the public schools of the district." TEX. EDUC. CODE § 11.151(b).  "The trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated by statute to the agency or to the State Board of Education are reserved for the trustees, and the agency may not substitute its judgment for the lawful exercise of those powers and duties by the trustees." *Id.*; *see also Jett,* 7 F.3d at 1245 (explaining that, under Texas law, policymaking authority in an independent school district rests with the board of trustees); *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 216 (5th Cir. 1998).  Plaintiff has not identified the Round Rock ISD Board of Trustees as the policymaking authority for the actions Plaintiff complains of in support of Plaintiff's Section 1983 claim.  In fact, Plaintiff has wholly failed to identify any policymaker.

Courts have also held that isolated actions, as alleged by Plaintiff in this instance, do not trigger liability under Section 1983.  In fact, it is well-settled by the Supreme Court and the Fifth Circuit that "a [governmental entity like Round Rock ISD] cannot be held liable *solely* because it employs a tortfeasor or, in other words, [the District] cannot be held liable under section 1983 on a *respondeat superior* theory."  *Span v. Tyler Indep. Sch. Dist.*, 876 F.2d 437, 438 (5th Cir. 1989).  "If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from *respondeat superior.*" *Span,* 876 F.2d at 438.  In other words, a one-time incident involving a Round Rock ISD substitute teacher

8

whereby Plaintiff was allegedly "forgotten" and momentarily "locked out of the school building" (*see* Plaintiff's Original Complaint ¶ 18), does not give rise to a viable Section 1983 cause of action. *Span*, 876 F.2d at 438.

Because Plaintiff cannot identify the District's policymaker to support its claim, and because the District cannot be held liable under a *respondeat superior* theory Plaintiff cannot, as a matter of law, satisfy the first element of a valid Section 1983 claim.

Similarly, Plaintiff does not and cannot identify a policy or allege a custom of the Round Rock ISD that is the "moving force" to support a due process claim under Section 1983. Instead, Plaintiff cites missions and objectives located in Section 4.001 of the Texas Education Code regarding school safety. *See* Plaintiff's Original Complaint ¶¶ 41-46. However, Section 4.001's aspirations do not establish Round Rock ISD's policies or customs and cannot support Plaintiff's Section 1983 claim. *See Parent Individually and as Next Friend of Student v. Round Rock Ind. Sch. Dist.*, Docket No. 049-R10-04-2018 (Comm'r Educ. 2018). Moreover, Plaintiff alleges no support for how any District policies were the "moving force" behind any actions by Round Rock ISD employees that allegedly deprived Plaintiff of due process under Section 1983. Without any policy or custom identified as the "moving force" for Round Rock ISD's alleged actions, Plaintiff has failed to plead any viable facts to support the second element of a valid Section 1983 claim. The mere allegation that either a policy or practice exists and that the practice was "ratified" by the Round Rock ISD Board of Trustees such that Plaintiff suffered harm is insufficient to state a cause of action under Section 1983. *See Rivera*, 349 F.3d at 247

Finally, Plaintiff's allegations that the District violated Plaintiff's constitutional rights based upon a lack of supervision cannot support a valid Section 1983 claim. To bring a valid Section 1983 claim regarding a violation of a constitutional right based upon lack of supervision,

Plaintiff must show that a special relationship exists between the Plaintiff injured and the Defendant. *DeShaney v. Winnebago County Dept. of Social Serv's.*, 489 U.S. 189, 197 (1989). Under *DeShaney*, no such special relationship exists based merely on student attendance. *Id.*; *see also Johnson v. Dallas Indep. Sch. Dist.,* 38 F.3d 198, 202 (5th Cir. 1994); *Maldonado v. Josey*, 975 F.2d 727, 730-33 (10th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993); *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 732 (8th Cir.1993); *D.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1369-72 (3rd Cir. 1992) (en banc), *cert. denied*, 113 S. Ct. 1045 (1993); *J.O. v. Alton Community Unit Sch. Dist. 11*, 909 F.2d 267, 272 (7th Cir. 1990).

In summary, Plaintiff has not alleged a valid claim under Section 1983. More specifically, Plaintiff has not plead required facts regarding the policy maker; a policy or custom that was the "moving force" behind the substitute teacher's actions; or that the District's alleged lack supervision of plaintiff gives rise to a valid Section 1983 cause of action. Therefore, Round Rock ISD's Rule 12(b)(6) motion to dismiss Plaintiff's Section 1983 claim should be granted.

### V. <u>Round Rock ISD is Immune from Any Claims Sounding in Tort</u>

Finally, beyond the bars to liability under a *respondeat superior* theory under either Title IX or Section 1983, Round Rock ISD is a "governmental unit" as defined by Texas law and is, therefore, entitled to state law immunity protections for tort claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B). To the extent that any of Plaintiff's allegations sound in common law tort, under Texas law, the District is immune from suit and liability as a matter of law. *See* TEX. CIV. PRAC. & REM. CODE § 101.001, *et seq.*; TEX. EDUC. CODE § 22.051, *et seq.*; *see also Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978). Round Rock ISD is also entitled to protections under the limitations of damages provisions set out in Section 101.023(b) Texas Civil Practice &

Remedies Code, and the statutory prohibition of exemplary damages against school districts as set out in Section 101.024 of the Texas Civil Practice & Remedies Code.

## VI.  Conclusion and Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED**, Defendant Round Rock Independent School District prays that Plaintiff's suit be in all things dismissed, that Plaintiff take nothing by her lawsuit, that Defendant have judgment herein, that Defendant be awarded its costs, including reasonable attorney's fees, and for such other relief, both general and special, at law for which Defendant may show itself justly entitled.

Respectfully submitted,

**ESCAMILLA & PONECK, LLP**
700 North St. Mary's Street, Suite 850
San Antonio, Texas 78205
(210) 225-0001
(210) 225-0041 – Fax

By:__/s/  Philip Marzec_____
**PHILIP MARZEC**
State Bar No. 13145570
**R. DARIN DARBY**
State Bar No. 05377900
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served upon the following individual(s) through the Notice of Electronic Filing through the Case Management/Electronic Case Files system (CM/ECF) of the U.S. District Clerk for the Western District of Texas, on this the 5th day of April, 2019:

  Chigozie F. Odediran
  Gorman Law Firm, PLLC
  Texas Bar No. 24098196
  901 Mopac Expressway South, Suite 300
  Austin, Texas 78746
  (512) 320-9177 Telephone
  (512) 597-1455 Fax
  codediran@school-law.co
  ATTORNEY FOR PLAINTIFF

            /s/ Philip Marzec_____
            PHILIP MARZEC