# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, RRISD MINOR CHILD, *Plaintiff* | § § § § | |
| v. | § | Case No. A-18-CV-00922-LY |
| ROUND ROCK INDEPENDENT SCHOOL DISTRICT *Defendant* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before this Court are Defendant's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss filed on April 5, 2019 (Dkt. No. 11); Plaintiff's Response filed on May 9, 2019 (Dkt. No. 16); and Defendant's Reply filed on May 16, 2019 (Dkt. No. 17). On July 18, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.    BACKGROUND

At the time of the events giving rise to this lawsuit, Plaintiff Jane Doe ("Plaintiff") was four years old and was enrolled as a prekindergarten student at Old Town Elementary School ("School") in Williamson County, Texas, which is operated by the Round Rock Independent School District ("RRISD"). Plaintiff's Complaint alleges that on September 11, 2017, Plaintiff was returning from recess when she was "forgotten by her teacher and locked out of the school building, completely alone" ("Incident"). Dkt. No. 1 at ¶ 18. Plaintiff contends that she was

1

locked outside of the building "for an undetermined amount of time" and was "terrified and in tears." *Id.* at ¶¶ 19-20. Plaintiff was eventually let back in the building by the School's librarian. *Id.* at ¶¶ 20, 33. Plaintiff's alleges that the School failed to "immediately notify the parents" of the Incident. *Id.* at ¶ 22.

Plaintiff's lawsuit further complains that although the School's security camera footage shows that Plaintiff was left outside and unattended, "[t]here is no footage of Plaintiff Jane getting up or leaving the Video scene" and likens the missing footage to "a scene out of a conspiracy movie." *Id.* at ¶ 38. Plaintiff complains that "RRISD did not place the safety of their young students above all other priorities," and alleges:

> When reviewing the entirety of the foregoing actions of Defendant RRISD, it is clear that the only driving force behind Defendant RRISD's acts and omissions, leading up to, and after, Plaintiff Jane being Forgotten and Locked out was; to work in concert and conspire to keep the incident quiet, to cover the incident up, and to hope that Plaintiff Jane's parents would merely go away.

*Id.* at ¶¶ 39-40.

Plaintiff's father, on behalf of Plaintiff, filed a grievance with RRISD, pursuant to the District's "Policy for Student and Parent Complaints," complaining about the Incident. Dkt. No. 11 at p. 2. RRIDS denied the grievance and Plaintiff appealed the decision to RRISD's Board of Trustees. *Id.* The Board dismissed the appeal as untimely. *Id.* Plaintiff appealed to the Commissioner of Education, but her appeal was also dismissed. Plaintiff did not appeal the Commissioner's ruling denying her appeal. *Id.*[1]

---

[1] Although RRISD points out that Plaintiff failed to file an appeal beyond the first level appeal to the Commissioner, it does not appear that it is moving for dismissal on that basis. *See Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982) (exhaustion of state administrative remedies is not a prerequisite to an action under § 1983); *McIntyre v. El Paso Indep. Sch. Dist.*, 499 S.W.3d 820, 828 (Tex. 2016) (holding that parents were not required to exhaust administrative remedies before filing lawsuit where they alleged constitutional violations).

Based on the alleged facts above, Plaintiff, individually and on behalf of all other similarly situated plaintiffs, filed this lawsuit against RRISD under Title IX of the Education Amendments of 1972 and 42 U.S.C. § 1983 of the Civil Rights Act. Plaintiff alleges that she "has been deprived of educational opportunities and benefits by Defendant RRISD in violation of IX." Dkt. No. 1 at ¶ 63. Plaintiff further alleges that RRISD's actions in this case violated her rights under the United States Constitution in violation of 42 U.S.C. § 1983. *Id.* at ¶ 72. Plaintiff also seeks to certify a class of "similarly situated students" under Federal Rule of Civil Procedure who have also suffered similar actions with regard to lack of school safety. Although Plaintiff does not allege that she was physically harmed, she alleges that she suffered emotional distress and psychological damage as a result of the Incident. Plaintiff seeks $5 million in damages, attorneys' fees and costs.

On April 5, 2019, RRISD filed the instant Motion to Dismiss, arguing that Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a cause of action under Title IX or 42 U.S.C. § 1983.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant]

pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

#### A. Title IX

RRISD argues that Plaintiff's claim under Title IX should be dismissed because (1) Plaintiff has failed to identify a policy or custom of RRISD that supports a claim of any intentional discrimination against Plaintiff, and (2) she is attempting to hold RRISD liable on the theory of *respondeat superior*. Dkt. No. 11 at p. 4-6. RRISD fails to address the more fundamental defect in Plaintiff's Complaint: Plaintiff fails to allege any facts showing that she was discriminated against on the basis of her sex.

Title IX provides that '[n]o person in the United States shall*, on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (emphasis added). Congress passed Title IX to accomplish two objectives: "First, Congress wanted to avoid the use of federal resources to support discriminatory practices; second, it

wanted to provide individual citizens effective protection against those practices." *Cannon v. Univ. Chic.*, 441 U.S. 677, 704 (1979).

School districts such as RRISD can be held liable under Title IX "for intentional discrimination on the basis of sex or for deliberate indifference to discrimination against or harassment of a student on the basis of sex." *Plummer v. Univ. of Houston*, 860 F.3d 767, 777 (5th Cir. 2017); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005) (finding that Title IX broadly prohibits discrimination "on the basis of sex"). Thus, to state a claim under Title IX, a plaintiff must allege that the defendant discriminated against her or was deliberately indifferent to discrimination based on the plaintiff's sex. *See Cannon*, 441 U.S. at 680 (noting that plaintiff stated a claim under IX where she alleged that she was excluded from participation in a medical program "because of her sex"); *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 166 (5th Cir. 2011) ("Because harassment on the basis of sex is the sine qua non of a Title IX sexual harassment case . . . a failure to plead that element is fatal.") (internal citations omitted) (quoting *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 66 (1st Cir. 2002)).

Plaintiff alleges that RRISD violated Title IX by failing to protect her when her teacher accidentally locked her outside of the School, engaged in a cover-up of the incident, and failed to offer her meaningful procedures to address the incident. Dkt. No. 1 at ¶¶ 64-66. While Plaintiff alleges in conclusory terms that RRISD's policies and practices constitute "disparate treatment of female students" and have had a "disparate impact on female students," *id.* at ¶ 67, Plaintiff fails to allege any facts to show that RRISD's actions in this case were in any way carried out because of Plaintiff's gender.

Although Plaintiff is female and alleges that RRISD failed to protect her, Plaintiff has failed to assert any allegations showing that such actions were taken because of her sex. Plaintiff has

5

failed to allege any facts showing that male students were treated differently than her in similar situations. *See Arceneaux v. Assumption Par. Sch. Bd.*, 733 F. App'x 175, 179 (5th Cir. 2018) (dismissing cheerleader's Title IX claim where she failed to allege that she was treated any differently than male students); *Ryburn v. Giddings Indep. Sch. Dist.*, 2017 WL 3821691, *4 (W.D. Tex. Aug. 31, 2017) (dismissing Title IX claim where male student failed to allege any allegations showing that school's response to female injuries were any different than male injuries); *Hundall v. Univ. of Texas at El Paso*, 2014 WL 12496895, at *16 (W.D. Tex. Feb. 21, 2014) (dismissing Title IX claim where plaintiff failed to assert how he was treated differently than female students noting that "it is insufficient for Plaintiff to allege that he is a white male and that unfavorable treatment must therefore be based on his sex."); *Easley v. Univ. of Tex. at Arlington,* 2013 WL 5781166, at *5 (N.D. Tex. Oct. 25, 2013) (holding that "the complaint alleges nothing as would show that defendant intentionally treated plaintiff differently than any female student under the same circumstance"). Based on the foregoing, Plaintiff has failed to state a plausible claim for gender discrimination or disparate treatment discrimination under Title IX.

**B. 42 U.S.C. § 1983**

Plaintiff also alleges that RRISD's actions in this case violated her rights under the United States Constitution in violation of 42 U.S.C. § 1983. Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). "Claims under § 1983

6

may be brought against persons in their individual or official capacity, or against a governmental entity." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009).

It is well established that a municipality or a local governmental unit, such as an independent school district, is not liable under § 1983 on the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A local governmental unit is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). A plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

RRISD argues that Plaintiff's § 1983 claim should be dismissed because Plaintiff is attempting to hold RRISD liable under §1983 on a *respondeat superior* theory. RRISD emphasizes that Plaintiff has failed to allege any facts showing that a RRISD official policy or custom was the moving force behind the alleged constitutional violations.

While RRISD is correct that it cannot be held liable under § 1983 on a *respondeat superior* theory, RRISD again fails to address the underlying defect in Plaintiff's Complaint: Plaintiff has failed to allege a violation of a constitutional right. Plaintiff's Complaint generally alleges that "RRISD's Utter Failures, Lies and Conspiracy [sic] were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under the United States Constitution," but Plaintiff fails to specify which of her constitutional rights were allegedly violated. Dkt. No. 1 at ¶ 18. Plaintiff's Reply brief also fails to identify which constitutional right RRISD allegedly violated in this case. Accordingly, Plaintiff has failed to allege a violation of a constitutional right, the first prong Plaintiff must meet in order to hold RRISD liable under § 1983. *See*

7

*Whitley*, 726 F.3d at 638 (plaintiff must state a violation of a constitutional right to allege a claim under § 1983); *Hicks v. Dallas Cty. Cmty. Colleges*, 2018 WL 2271174, at *5 (N.D. Tex. Apr. 25, 2018) (dismissing for failure to state a claim where plaintiff did not specify any constitutional right), *report and recommendation adopted*, 2018 WL 2267098 (N.D. Tex. May 17, 2018).

Moreover, as RRISD argues, even if Plaintiff had alleged a violation of a constitutional right, she has not shown that any of the School employee's actions were done pursuant to an official policy or custom of RRISD. "A school district has no vicarious liability under § 1983. Rather, it is liable for the unconstitutional conduct of its policymakers, including persons to whom it has delegated policymaking authority in certain areas." *Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 380 (5th Cir. 2007). As noted above, to allege a claim under § 1983 against RRISD, Plaintiff must point to more than the actions of an employee of RRISD and "must identify a policymaker with final policymaking authority and a policy that is the 'moving force' behind the alleged constitutional violation." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Plaintiff's Complaint fails to identify any policymaker who was the moving force behind the alleged constitutional violations in this case. Texas law delegates the Board of Trustees "the exclusive power and duty to govern and oversee the management of the public schools of the district." *Id.* (citing Tex. Educ. Code. § 11.151(b)). Plaintiff has failed to assert any facts showing that the RRISD Board of Trustees was the moving force behind any of the actions alleged in this suit and thus has failed to allege a § 1983 claim against RRISD.

Based on the foregoing, Plaintiff has failed "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Accordingly, Defendant's Rule 12(b)(6) Motion to Dismiss should be granted.

Although Plaintiff has not requested leave to amend her Complaint,[2] the Court finds that any attempt to amend the Complaint would be futile because none of the allegations in her Complaint rise to the level of a constitutional violation. At most, Plaintiff's Complaint simply alleges that Plaintiff's teacher may have been negligent in leaving Plaintiff outside the School. However, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 433 U.S. 137, 146 (1979). As one district court stated, "[i]t is a great leap from the principal's office to the federal courthouse, and, in order to invoke federal jurisdiction, plaintiffs are required to demonstrate fact issues indicating not merely that they may have gotten a 'raw deal,' but that their constitutional rights may have been violated." *J.W. v. Desoto Cty. Sch. Dist.*, 2010 WL 4394059, at *3 (N.D. Miss. Nov. 1, 2010). Courts have a limited role in reviewing the decisions of school officials:

> The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members, and § 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees.

*Wood v. Strickland*, 420 U.S. 308, 326 (1975), *overruled in part on other grounds*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *see also Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 772 (5th Cir. 2007) ("Our role is to enforce constitutional rights, not 'to set aside decisions of the school administrators which [we] may view as lacking a basis in wisdom or compassion'") (quoting *Wood*, 420 U.S. at 326).

Because none of Plaintiff's allegations in this case rise to the level of a constitutional violation, the Court recommends that her lawsuit be dismissed with prejudice and without leave to amend.

---

[2] Plaintiff, who is represented by counsel, refers to amending her Complaint in her Response brief, Dkt. No. 16 at p. 12, but has not sought such leave from the Court.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (Dkt. No. 11) and DISMISS Plaintiff's lawsuit with prejudice and without leave to amend her Complaint. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 19th day of August, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE